UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Civil No.01-1947 JEL/JGL

Michael Abelman and
Julie Abelman,

Plaintiffs,

vs.

Werner Corporation,

Defendant.

**STIPULATED CONFIDENTIALITY AGREEMENT AND ORDER**

---

Pursuant to the agreement of the parties, IT IS HEREBY STIPULATED AND AGREED that the following Order will apply to this lawsuit:

1. This Order shall govern all documents produced, answers to interrogatories, requests for admission, deposition testimony, and other discovery conducted in this case by Werner Corporation, and any of its employees, former employees, or representatives, and any motions, briefs or other filings incorporating such confidential information as hereinafter defined "CONFIDENTIAL INFORMATION."

2. Only information which by statute is confidential or which is or was (a) regularly maintained in a manner designed to assure confidentiality, (b) not intentionally disclosed to the public, (c) neither included in nor the basis of matter intentionally disclosed to the public, (d) intended or of the nature that would regularly be held in confidence, and (e) delivered or conveyed in a manner to insure that it would be held in confidence shall be deemed to be CONFIDENTIAL INFORMATION. The parties stipulate and it is hereby ordered that any information relating to trade secrets, procedures for providing services, systems for evaluating employee performance,

FILED ___ 2002
RICHARD D. SLETTEN CLERK
JUDGMENT ENTD ___
DEPUTY CLERK ___

contracts with any business partners or clients of Werner Corporation, or documents received from customers of Werner Corporation shall be considered CONFIDENTIAL INFORMATION.

3. Only that information which a party or witness in good faith deems to contain CONFIDENTIAL INFORMATION shall be so designated, and such designation by a party or a witness shall constitute a certification by such party or witness and his or its counsel that they are of the belief that such designation has been made in good faith and that there are substantial reasons to believe that the information meets the criteria stated in Paragraph 2 herein above.

4. The parties shall not, without the consent of the party or witness producing such information or further order of this Court made after notice is given to all parties, disclose any CONFIDENTIAL INFORMATION to any person except that such information may be disclosed to attorneys employed by the parties, members of their staffs working with them on this case, parties and officers and employees of the parties, witnesses or potential witnesses, and expert witnesses and consultants retained by the parties in connection with this proceeding. Counsel for the party making such disclosure shall obtain a written agreement from any person to whom disclosure is made to be bound by the terms of this Order. This requirement of obtaining such written agreement may be satisfied by obtaining the signed acknowledgment of any such person at the end of a copy of this Order that he or she has read the Order and understands its provisions. Such written agreement may be made by a member of a law firm, accounting firm, engineering firm, or other firm retained as an expert in the case on behalf of all members and staff of his or her firm. The parties shall maintain a

list of the names of all persons other than the parties, their attorneys, or members of the staffs of the law firms representing the parties to whom any CONFIDENTIAL INFORMATION is disclosed.

5. The designation of documents containing CONFIDENTIAL INFORMATION may be made by placing or affixing on the first page thereof (in such manner as will not interfere with legibility) the following notice:

CONFIDENTIAL INFORMATION

SUBJECT TO PROTECTIVE ORDER

or "CONFIDENTIAL." Documents not so designated shall not be accorded protection under this Order.

6. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL INFORMATION of a party or witness, said deposition or portions thereof shall be designated as containing CONFIDENTIAL INFORMATION subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but a party or witness may designate portions of depositions as containing CONFIDENTIAL INFORMATION after transcription, provided written notice of such designation is promptly given to all counsel of record herein within fourteen (14) days after the delivery of the transcript by the court reporter to those who have ordered a copy. Prior to expiration of such fourteen-day period, information which reasonably may be anticipated to be designated as CONFIDENTIAL INFORMATION shall be deemed to be such.

7. If any motion, affidavit, brief or other document submitted to the Court during the pre-trial proceedings contains any CONFIDENTIAL INFORMATION developed, revealed by or included within any discovery proceedings, formal or informal, whether in the form of depositions, transcripts, interrogatory answers, documentary production or otherwise, such document shall be subject to this Order, and shall be filed with the Clerk under seal, identified as being subject to the order of this Order and not to be opened except by order of the Court.

8. Any party may at any time object to the designation of particular material or information as CONFIDENTIAL INFORMATION by giving written notice to the party or witness designating such information. Any such written notice shall identify the information to which the objection is directed. If the status of the information cannot be resolved within ten (10) business days of the time other notice is received (or such additional time as the designating party or witness in writing agrees), it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL INFORMATION to file, within a reasonable time thereafter, an appropriate motion requesting that the Court rule that the disputed information should not be subject to the protection invoked. The disputed material shall remain CONFIDENTIAL INFORMATION under the terms of this Order until the Court rules on such motion.

9. At the conclusion of this case, all documents subject to this Order, including any summaries or copies thereof, shall be returned to the producing party or witness by all parties and persons to whom they have been furnished.

Parties may also request that all documents subject to this Order in the possession of the Court or Court Administrator be returned to them. Counsel may retain any of his or her work product that reflects or contains CONFIDENTIAL INFORMATION provided that such CONFIDENTIAL INFORMATION is not disclosed unless the disclosure is pursuant to agreement of the party designating it as confidential or is authorized by Court order.

10. Persons receiving CONFIDENTIAL INFORMATION, whether written or oral, shall hold such information in confidence and not disclose it either orally or in writing during the pendency of this case or thereafter except with the written agreement of the party who designated it as CONFIDENTIAL INFORMATION or pursuant to Court order.

11. This Order shall not be amended except on prior notice to counsel. This Order supersedes any previous protective order entered in this case.

**IT IS HEREBY AGREED AND STIPULATED:**

Dated: 8/26/02

Paul Phelps, Esq. (SB #185073)
1811 Weir Drive
Suite 275
Woodbury, MN 55125
(651) 730-6900
***Attorney for Plaintiffs***

Dated: 8/29/02

John J. McDonald, Jr. (SB #136815)
Bradley J. Lindeman (SB #0298116)
MEAGHER & GEER, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402
(612) 338-0661

***Attorneys for Werner Corporation***

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that the parties' foregoing Stipulation of Confidentiality filed herewith is hereby adopted as this court's order for the protection of confidential information in the above-captioned cause.

Dated: Aug. 30, 2002

Honorable Jonathon G. Lebedoff
United States Magistrate Judge

986400

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.